{ ¶ 26} While I agree with the majority opinion with respect to the second assignment of error, I write to separately concur in judgment only because I believe that the first assignment of error is moot in light of the analysis of the second assignment of error. Lloyd will get a new sentencing hearing pursuant to State v. Foster,[4] and, therefore, errors, if any, committed by the trial court during the first sentencing hearing will be corrected.[5] Lloyd will be able to challenge anew the trial court's findings made at the subsequent sentencing hearing.
{ ¶ 27} Furthermore, in going beyond the question of mootness of the first assignment of error, the majority has not addressed appellant's argument that the trial court's findings made pursuant to R.C. 2929.12
are not supported by the record. The majority's discussion focuses on whether a trial court is permitted to "consider" findings pursuant to R.C. 2929.12, but does not apply its conclusion to the facts before us.
{ ¶ 28} Appellant has put forth a salient argument in this court that the trial court did not consider certain mitigating facts in arriving at appellant's sentence. However, by not addressing this argument, the majority has provided no guidance to the trial court as to whether appellant's sentence was supported by the record. If, as appellant argues in this court, his sentence was greater than the record called for, the trial court needs the benefit of this court's analysis on this issue.
[4] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 104.
[5] Id. at ¶ 104-105.